IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR MACONEGHY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0539-WS-M |
| ) | |
| **COOPER TIRE & RUBBER COMPANY,**) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 7). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 8, 12, 13), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be granted.

**BACKGROUND**

The complaint, filed in the Circuit Court of Wilcox County, alleges that the plaintiffs purchased a used vehicle from defendant Dick Moye Auto Sales, Inc. ("Moye") equipped with one or more Cooper Sumitomo tires. While plaintiff Arthur Maconeghy was driving the vehicle on an Alabama interstate highway, the right rear tire separated, resulting in a rollover and substantial injuries to Mr. Maconeghy. In addition to Moye, the plaintiffs sued Cooper Tire & Rubber Co. ("Cooper") and Sumitomo Rubber Industries, Ltd. ("Sumitomo"), who apparently were involved with the tire's creation and marketing, along with various fictitious defendants. The complaint includes claims against all defendants under AEMLD, negligence/wantonness, willfulness, and loss of consortium.

Cooper timely removed the action on the basis of diversity. The parties agree that

Cooper and Sumitomo are diverse and that the plaintiffs and Moye are all citizens of Florida. Cooper argues that the citizenship of Moye may be ignored because he was fraudulently joined. Cooper identifies three bases for this conclusion: (1) the "as is" nature of the sale negates any duty running from Moye to the plaintiffs; (2) Moye is protected by the "no causal relation" defense; and (3) the Alabama courts have no personal jurisdiction over Moye.

## DISCUSSION

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). Conversely, if no such possibility exists, the joinder is fraudulent as a matter of law. *Id.* at 1440.[1] There must be "no *reasonable* possibility" of legal liability; a mere *theoretical* possibility will not prevent a conclusion of fraudulent joinder. *Legg v. Wyeth*, 428 F.3d 1317, 1325 & n.5 (11th Cir. 2005) (emphasis added). The burden is on the defendants to make the required showing by "clear and convincing evidence." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[A]ny ambiguity or doubt about the substantive law

---

[1]*Accord Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (the issue is "whether the facts alleged in Plaintiffs' complaint state even an arguable cause of action under Georgia law") (emphasis omitted).

favors remand to state court.") (internal quotes omitted).

## I.  Caveat Emptor.

Cooper acknowledges that the plaintiffs' claims against Moye include at least the allegation that Moye negligently inspected the tire before selling the vehicle to them. (Complaint at 9, ¶ 26(*l*); Doc. 1 at 6; Doc. 12 at 7).  Cooper argues that, because it sold the vehicle "as is," Moye "did not undertake any duty to Plaintiffs with respect to the condition of the vehicle or its tires." (*Id*. at 8; *accord id.* at 11).  That is, Cooper suggests that a disclaimer of *warranty* on a used automobile somehow negates a *negligence* claim of failure to inspect the automobile.  Cooper's argument depends on two explicit premises: (1) without a warranty, the sale of a used vehicle is governed by the rule of caveat emptor; and (2) "caveat emptor is a defense to a negligence claim."  (*Id*. at 11-12).

The first premise may be taken as established,[2] but the second may not.  For this proposition, Cooper cites only *Keck v. Dryvit Systems, Inc*., 830 So. 2d 1 (Ala. 2002), in which the purchasers of a used home sued the manufacturer, distributor and installer of the home's original cladding system.  *Keck* held that, because the plaintiffs were not in privity with these defendants, the doctrine of caveat emptor applied and defeated the claims of negligent design, supervision, installation, and failure to warn.  *Id*. at 3, 9.  The *Keck* Court relied on *Boackle v. Bedwell Construction Co.*, 770 So. 2d 1076 (Ala. 2000), which involved a similar fact pattern, similar claims, and a similar conclusion that "[t]he lack of privity between the plaintiffs and the defendants forecloses such claims." *Id*. at 1081.  Both *Keck* and *Boackle* suggested the result would have been different had

---

[2]*See Bagley ex rel. Bagley v. Creekside Motors, Inc*., 913 So. 2d 441, 444 (Ala. 2005) ("The general rule is that there is no implied warranty of the quality or condition of a used automobile and the rule of caveat emptor applies.") (internal quotes omitted).

personal injury been involved.  830 So. 2d at 4; 770 So. 2d at 1081.[3]

Cooper's authorities are insufficient to foreclose Moye's liability for negligent inspection in this case for at least three reasons: (1) they involved used homes, not used automobiles; (2) they depended on the absence of privity between plaintiff and defendant; and (3) they made exception for cases involving personal injury.  Whatever the true state of Alabama law may be, on this record there are uncertainties concerning its reach, and the Court is obligated to resolve those uncertainties in favor of the plaintiff.

## II.  No Causal Relation.

In response to claims brought under the AEMLD, a defendant may assert the "affirmative defense" of "no causal relation."  *E.g., Tillman v. R.J. Reynolds Tobacco Co.*, 871 So. 2d 28, 30 n.1 (Ala. 2003); *Atkins v. American Motors Co.*, 335 So. 2d 134, 143 & n.4 (Ala. 1976).  "In order to avail itself of the no-causal relation defense, [the defendant] must show that he was in the business of distributing ... finished products; that he received the product already in a defective condition; that he did not contribute to this defective condition; and that he had neither knowledge of the defective condition nor an opportunity to inspect the product that was superior to the knowledge or opportunity of the consumer."  *Foremost Insurance Co. v. Indies House, Inc*., 602 So. 2d 380, 382 (Ala. 1992) (internal quotes omitted).  Cooper argues that this defense precludes the plaintiffs from establishing Moye's liability.

The threshold problem with Cooper's position is its failure to establish that the "no causal relation" defense applies to products cases sounding in negligence.  Cooper identifies no case applying the defense to a negligence claim; instead, it cites generally to *Atkins* for the proposition that the AEMLD, like negligence, is a fault-based concept.

---

[3]*See also McFadden v. Ten-T Corp*., 529 So. 2d 192, 201 (Ala. 1988) ("[T]he rule of caveat emptor ... has no applicability to a theory of liability based on personal injury caused by negligent construction, whether in regard to new homes or used homes.").

(Doc. 12 at 11).  This unremarkable fact does not of itself prove that the "no causal relation" defense applies to negligence claims, especially considering that *Atkins* created the defense specifically for AEMLD cases. 335 So. 2d at 143.

Even had Cooper met this burden, it has failed to show that application of the defense dooms the plaintiff's negligent inspection case against Moye.  As noted, "no causal relation" is an affirmative defense, and "[t]he party asserting the affirmative defense bears the burden of proving it."  *Lloyd Noland Foundation, Inc. v. HealthSouth Corp.*, 2007 WL 2405675 at *5 (Ala. 2007).  Neither Cooper nor Moye has presented any evidence to demonstrate that Moye is entitled to the protection of the no-causal-relation-defense.  Instead, Cooper argues that Moye was fraudulently joined because the complaint does not allege that a proper inspection would have revealed the defect in the tire or that Moye's opportunity to inspect the tire was superior to that of the plaintiffs. (Doc. 12 at 7, 9).  Cooper, however, makes no attempt to demonstrate that Alabama law requires a plaintiff to "plead around" the affirmative defense of no causal relation.[4] Cooper relies on *Johnson v. General Motors Corp.*, 82 F. Supp. 2d 1326 (S.D. Ala. 1997), but in that case the defendant had moved for summary judgment and had thereby (unlike here) met its initial burden of showing that it qualified for the defense; the Court found fraudulent joinder because the plaintiff offered no evidence to counter the defendant's evidence presented in support of the defense.  *Id*. at 1328.  To the extent, if any, that *Johnson* can be read as casting a burden on the plaintiff to plead around a no-causal-relation defense, it is not a decision of an Alabama court and so cannot establish Alabama law.

Finally, the no-causal-relation defense applies only if the defendant "did not contribute to th[e] defective condition."  Cooper has not addressed this element of the

---

[4]*Cf. Henderson*, 454 F.3d at 1282-83 (a failure to plead fraudulent concealment, if such pleading were required by Alabama law in order to take advantage of statutory tolling in a fraud case, would establish fraudulent joinder).

defense in any fashion, either by producing evidence to satisfy it or by complaining that the plaintiffs have not adequately pleaded Moye's inability to satisfy it.

## III.  Personal Jurisdiction.

Personal jurisdiction can be specific or general.  The affidavit of Dick Moye establishes that all of the events concerning Moye's purchase, possession and sale of the vehicle occurred exclusively in Florida.  Thus, specific jurisdiction is lacking.

"General jurisdiction applies where a defendant's activities in the forum state are substantial or continuous and systematic, regardless of whether those activities gave rise to the lawsuit. ... [T]he nexus between the defendant and the forum state must arise out of an action of the defendant [that was] purposefully directed toward the forum State." *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 463 (Ala. 2003) (internal quotes omitted).  In that regard, Moye's affidavit reflects that Moye's only business location is in Pensacola, that it has no property in Alabama, and that it does not conduct business there.  The affidavit also reflects that Moye "has never advertised on television or radio stations located in Alabama nor does it otherwise target Alabama with any of its advertising."  (Doc. 5, Exhibit A).

In its motion to dismiss, Moye concludes in a single, unamplified sentence that the affidavit negates general jurisdiction.  (Doc. 5 at 5).  Cooper repeats this bald conclusion, (Doc. 12 at 18), later insisting that Moye "simply has no contacts" with Alabama.  (*Id*. at 20).  The Court does not find the defendants' conclusion so obvious.  While the affidavit confirms that Moye does not purchase advertising from Alabama broadcasters or publishers, it does not deny that Moye purchases advertising in Florida that purposefully reaches Alabama consumers, and the Court judicially knows that broadcast media in the Pensacola area reach far into Alabama.  This case is thus different from those relied on by Cooper, in which it was established that the defendant conducted no advertising in the

forum state.[5]  And while the affidavit denies that Moye conducts business in Alabama, it does not deny that Alabama consumers regularly travel the few miles into Florida to purchase Moye's wares.  The Court is thus not free to assume that such commerce does not occur.  Because Cooper has not presented cases concluding that personal jurisdiction was lacking on evidence materially similar to that in this case, it has not shown that there is no reasonable possibility of an Alabama court upholding the exercise of personal jurisdiction over Moye.

## CONCLUSION

For the reasons set forth above, the motion to remand is **granted**.  This action is **remanded** to the Circuit Court of Wilcox County.

DONE and ORDERED this 1st day of October, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[5]*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) ("They [the defendants] solicit no business there [the forum state] either through salespersons or through advertising reasonably calculated to reach the State."); *Thomas v. Mitsubishi Motor, Inc*., 436 F. Supp. 2d 1250, 1252 (M.D. Ala. 2006) ("The evidence presented by [the dealer] also states that it does not advertise or solicit business in Alabama."); *Ex parte Covington Pike Dodge, Inc*., 904 So. 2d 226, 231 (Ala. 2004) (affidavit asserted that the defendant "does not advertise its services in Alabama").